UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| OUTDOOR VENTURE CORPORATION, STEARNS MANUFACTURING, KENTUCKY HIGHLANDS INVESTMENT CORPORATION, J.C. EGNEW, and L. RAY MONCRIEF<br><br>    Plaintiffs,<br><br>V.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY, GRANGE MUTUAL CASUALTY CO., SCOTTSDALE INDEMNITY COMPANY, AUTO-OWNERS INSURANCE COMPANY, and OWNERS INSURANCE COMPANY<br><br>    Defendants. | CIVIL ACTION NO. 6:16-cv-182-KKC<br><br>OPINION AND ORDER |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the motions for summary judgment on the remaining claims in this action filed by Grange Mutual Casualty Insurance Company (DE 89) and Scottsdale Indemnity Company (DE 90). For the following reasons, both motions will be granted, and judgment will be entered.

The plaintiffs in this matter are three corporations and two individuals who were officers of the corporations. The three corporations are Stearns Manufacturing and its successor Outdoor Venture Corporation (together, "OVC") and Kentucky Highlands Investment Corporation. (DE 1, Complaint, ¶ 11.) The two individual plaintiffs are J.C. Egnew and L. Ray Moncrief. During at least the relevant time, Egnew was the president of

OVC. (DE 1, Complaint, ¶4.) Moncrief was a director of OVC and an officer of Kentucky Highlands (DE 1, Complaint, ¶3.)

The defendants in this matter are all insurance companies: 1) Philadelphia Indemnity Insurance Company, 2) Grange Mutual Casualty Co., 3) Scottsdale Indemnity Company, and 4) Auto-Owners Insurance Company and Owners Insurance Company (together, "Owners). The plaintiffs were insured by one or more of the insurance companies. With this action, the insureds primarily seek reimbursement from their insurance companies for the costs they incurred in defending three lawsuits filed against them. The plaintiffs asked for a declaration that the defendant insurance companies had a duty to defend them in the underlying actions. They also asserted breach-of-contract and bad-faith claims against the defendants.

The Court bifurcated and stayed any action on the bad-faith claims and ordered the parties to brief the threshold issue of whether the insurance companies had a duty to defend the insureds in the three underlying lawsuits. The parties filed motions for summary judgment on that issue, and the Court determined that there was only one breach of the duty to defend: Scottsdale breached its duty to defend plaintiff Moncrief in two of the underlying actions.

The Court determined that neither Grange nor Owners had any duty to defend the plaintiffs in the underlying action. The Court also determined that Scottsdale either had no duty to defend the plaintiffs or had complied with that duty with regard to all plaintiffs, except its duty to defend Moncrief in two of the underlying actions.

Prior to that opinion, the plaintiffs had already voluntarily dismissed all claims against defendant Philadelphia Insurance Company. (DE 39, Order.) After the summary judgment opinion, the Court entered two agreed orders. One of those orders (DE 87) dismissed all claims by all plaintiffs against Owners. It also dismissed all of Owners' counterclaims

against all plaintiffs. The second of the agreed orders (DE 86) dismissed all of the claims by Moncrief against Scottsdale and also dismissed Scottsdale's counterclaim against Moncrief.

Thus, the following claims are the only claims in this action that had not been resolved: 1) all of the plaintiffs' bad-faith claims against Grange and Grange's counterclaim against all plaintiffs; and 2) the bad-faith claim by plaintiffs Egnew, Kentucky Highlands, and OVC against Scottsdale and Scottsdale's counterclaim against those plaintiffs.

Grange and Scottsdale have now filed unopposed motions for summary judgment on these remaining claims. Under Kentucky law, common law and statutory bad-faith claim are analyzed the same. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526-27 (6th Cir. 2006). To prevail on either, the plaintiff must establish:

> (1) that the insurer is obligated to pay the claim under the terms of the policy;
> (2) that the insurer lacked a reasonable basis in law or fact for denying the claim; and
> (3) that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993).

Accordingly, because Grange had no duty to defend any of the plaintiffs, the bad-faith claims against it must be dismissed. If an insurer is not obligated to pay a claim under the terms of the policy, then any "bad faith claim must fail as a matter of law." *Travelers Indem. Co. v. Armstrong*, 565 S.W.3d 550, 568 (Ky. 2018), *reh'g denied* (Feb. 14, 2019). As to Scottsdale, it had no duty to defend Kentucky Highlands. It had a duty to defend OVC and Egnew, but it did not deny their claim for coverage. Instead, it complied with its duty to defend. Accordingly, the bad-faith claims against Scottsdale must also be dismissed.

For these reasons, the Court hereby ORDERS as follows:

1) Grange's motion for summary judgment (DE 89) on the bad-faith claims asserted against it is GRANTED;

2) Scottsdale's motion for summary judgment (DE 90) on the bad-faith claims asserted against it is GRANTED; and

3) The counterclaims by Grange and Scottsdale are DISMISSED as moot.

Dated February 24, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY